SOUTHERN FARMERS MUTUAL INSURANCE COMPANY
*v.* GARRETT.

4-8372                                    206 S. W. 2d 463

Opinion delivered December 22, 1947.

*Lonzo A. Ross* and *George F. Hartje,* for appellant.

*Clark & Clark* and *Russell C. Roberts,* for appellee.

SMITH, J.   On the 18th day of June, 1945, Sam Cox purchased a policy of insurance from appellant on a Hud-

[**] In *Cherry* v. *Webb,* 196 Ark. 17, 115 S. W. 2d 865, we made the italicized language read as here quoted.
[***] See *State* v. *Tyson, supra.*

son car against collision or upset covering a period of one year and paid the premium thereon. On or about the 11th day of October, 1945, Cox sold the Hudson car to Garrett & Payton, and the appellee, H. E. Garrett, went to the office of the appellant and procured a transfer of the policy from Cox to Garrett & Payton, receiving a sticker from the appellant to be attached to the original policy.

On or about the 8th day of November, 1945, the appellees sold the Hudson car and purchased a Ford sedan bearing Motor No. 18-6805192, and the appellee, H. E. Garrett, again went to the office of the appellant and procured a sticker to be attached to the original policy of insurance showing that the policy now covered the Ford sedan instead of the Hudson car. On January 24, 1946, after Garrett had purchased the interest of his partner, Payton, Garrett exchanged the Ford car covered by the policy of insurance for a Chevrolet car and took a check, which was never paid, and a title retaining note for the balance of the purchase money, which had never been paid, and executed an unconditional bill of sale to McMahan & Lindsey for the Ford sedan. McMahan went to the office of the appellant and applied for and was issued a policy on the car covering liability, but no collision or upset insurance was issued. The Ford sedan was in the possession of McMahan & Lindsey from the 24th day of January, 1946, until the 4th day of February, 1946, when the Ford sedan was upset and damaged.

On September 3, 1946, the appellee, H. E. Garrett, filed suit in the circuit court of Faulkner county, Arkansas, to recover on the original policy of insurance issued by the appellant, and the appellant answered on the 13th day of January, 1947, denying generally all of the allegations of the complaint, and alleged in addition thereto that the appellee, H. E. Garrett, at the time of the upset had no insurable interest in the Ford sedan, and that the appellant was not liable under the terms of the policy of insurance for the reason that the Ford sedan was under a bailment, lease, conditional sale contract, mortgage or

other encumbrance not specifically declared and described in said policy, as provided by the express terms of said policy, it being provided that the policy should be void if it were.

The appellee replied to the answer of the appellant in which he claimed that he went to the office of the appellant for the purpose of procuring a sticker to go on the policy, but that he met Mr. Kellar, the president of the appellant, and told him that he had sold the car, but had not been paid the purchase money, and he was directed to wait and see whether the purchase money was paid before having the transfer made.

The exact conversation as detailed by appellee was: "I told him that I had sold the car, but that I had not received any money on it, and had two checks for down payment. He (Kellar) said, 'You have done so much changing on these cars, why not wait and see if you get the money, you might have to take it back.' " He told the president of the company that he wanted an endorsement made on the policy which would protect him pending final consummation of the sale. The effect of this direction of the company's president was to leave the policy in effect temporarily, and a few days later the collision occurred. The checks were dishonored when presented for payment. Appellee operated a taxicab business and had carried, and then carried other policies on other cars with appellant company.

The value of the car was shown to be $1,300 at the time of the collision, which wrecked it, and the car was sold after the collision as junk for $225. The policy was for $1,300, with $50 deductible clause, and the jury returned a verdict for $1,000.

For the reversal of the judgment pronounced upon this verdict it is insisted that under the provisions of the policy it was not in force at the time of the collision and instructions were asked based upon these provisions. One of these provisions was that "said policy does not apply under any of the coverage therein while the auto·

mobile is subject to any bailment, lease, contract, sale, mortgage or other encumbrance not specifically declared and described in said policy," and it is insisted that in as much as the undisputed testimony shows there had been a conditional sale of the car, the company is not liable. Based upon this provision of the policy the court gave an instruction at appellant's request, telling the jury there could be no recovery if there had been a conditional sale, after modifying the instruction by adding a provision reading as follows: "provided you find from the evidence that defendant, by an authorized representative, had not waived the provisions of the policy applicable to conditional sales for the protection and benefit of plaintiff," to which modification appellant excepted.

Another instruction was given with a similar modification over appellant's objections, based upon a provision of the policy relating to the sale of the car.

Both provisions of the policy, or either of them, would operate to defeat a recovery in this case, if there had been no waiver of the right of the company to assert the benefit of the provisions referred to, thereby leaving in effect the insurance on the wrecked car. But as has been said, there was testimony that there had been a waiver thereof, by an authorized representative of the company, for a period of time extending beyond the date of the collision, and the question presented by this record is whether there had been a waiver and the verdict of the jury is conclusive of this issue of fact.

These provisions of the policy, if waived at all, were waived by the president of the company. Having been inserted for the benefit and protection of the company, they may be waived by it. The Chapter on Insurance, West Digest of Arkansas Reports, §§ 375-6, cites a number of our cases to the effect that such provisions may be waived, and having been waived as found by the jury, the policy was in force when the collision occurred. The judgment must be affirmed and it is so ordered.