SERVICE FIRE INSURANCE COMPANY v. PAYNE.

4-9388                                          236 S. W. 2d 1020

Opinion delivered February 12, 1951.

Rehearing denied March 26, 1951.

500

*John Wm. Murphy, G. T. Sullins* and *Rex W. Perkins,* for appellant.

*James R. Hale* and *Courtney C. Crouch,* for appellee.

HOLT, J. A jury awarded appellee, J. C. Payne, $2,850 resulting from the destruction of appellee's truck by fire. Insurance was carried on the truck by appellant, Service Fire Insurance Company.

From the judgment is this appeal.

For reversal, appellant contends that "appellee, Payne, on three separate occasions breached the terms of his insurance contract which rendered the policy inoperative in that: in July of 1948 he borrowed $1,200 on the insured vehicle from the First National Bank in Springdale, Arkansas, and executed a second mortgage on the truck.

"In January or February of 1949 he sold a one-half interest in the truck to one John Shastid. In July of 1949 he sold out his entire interest to John Shastid."

The evidence, when stated in its most favorable light to appellee, as we must do, was to the following effect: May 14, 1948, appellee purchased a White truck, with trailer attached, from Schmieding Bros., Springdale. A part of the purchase price was financed by Universal C.I.T. Credit Corporation (hereinafter referred to as C.I.T.) through its Ft. Smith office. Harvey Mixon was manager in charge of that office. C.I.T. required that the truck be insured by appellant, company, and both the financing and insurance coverage were handled and controlled by C.I.T. The application form used in this connection was a combination application for financing

and insurance. It was prepared in Schmieding Bros.' office by Harvey Mixon and Schmieding and the application form used was furnished by C.I.T. Appellee had nothing to do with procuring the insurance on the truck. He paid all premiums through Schmieding Bros. and C.I.T.

Shortly after the policy was issued, in February, 1949, appellee sold, under a verbal agreement a half interest in the truck to John Shastid, but before making the sale, appellee discussed the matter fully with Ray Purrier, manager of Schmieding Bros.' office, and had Purrier take it up with Harvey Mixon, manager of C.I.T. in Ft. Smith. C.I.T. made no objection to the sale to Shastid, demanding only that appellee remain bound on the "C.I.T. paper."

In July, 1949, appellee made a conditional sale of his remaining interest in the truck to Shastid, retaining title until paid, but Shastid has not paid appellee anything on this other half interest.

In July, 1948, appellee with H. C. Schmieding as co-maker or surety, borrowed money from a Springdale Bank and as security gave a mortgage on the truck in question.

Appellee dealt with C.I.T. and Schmieding Bros. only in procuring the insurance and paying the premiums.

Appellant contends that appellee breached the following provisions (which we designate as (a) and (b) respectively) in the policy and therefore is not entitled to recover anything on the policy:

(a) "This policy does not apply under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."

(b) "Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop

the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy."

These provisions of the policy are valid and binding unless waived by appellant. This question of waiver was submitted to the jury, under proper instructions, and we hold that there was substantial evidence presented to warrant the jury in finding that there was a waiver by appellant.

The policy here was so written that it was made payable to appellee, the purchaser (insured) and C.I.T. It contained this provision: (c) "The insured under this policy is the above named Purchaser/Insured, the Dealer who endorsed or assigned the Purchaser's obligation, and Universal C.I.T. Credit Corporation or any affiliated or subsidiary company thereof; any loss hereunder shall be payable to the above as their interests may appear."

Appellant, insurance company, and C.I.T., on all the evidence here presented, were, in effect, so closely connected and related to the entire transaction, both participating, as to be parties to it from the beginning.

" 'Forfeitures are not favored in law,' and 'courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so, on which the party has relied and acted. Any agreement, declaration, or course of action on the part of an insurance company which leads a party insured honestly to believe that, by conformity thereto, a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop, and ought to estop, the company from insisting on a forfeiture, though it might be claimed under the express letter of the contract.' " *American Life Association* v. *Vaden,* 164 Ark. 75, 261 S. W. 320.

The rule is stated in 45 C. J. S., Insurance, § 704, p. 671, in this language: "A waiver arises from acts, words, or conduct on the part of the insurer, done or

spoken with knowledge of a breach of condition, which amount to a recognition of the policy as a valid, existing, and continuing contract, or which are inconsistent with an intent to declare a forfeiture, or which are such as reasonably to imply a purpose not to insist on a forfeiture.'' (Citing *Home Life & Accident Co.* v. *Scheuer,* 162 Ark. 600, 258 S. W. 648.)

A fair inference, we think, would have warranted a finding by the jury that appellant, insurance company, had knowledge of the conditional sale of the truck, as well as the mortgage to the bank, through the knowledge thereof of C.I.T. and H. C. Schmieding.

We attach significance to the fact (apparently not disputed) that following the almost complete destruction of appellee's truck by fire, appellant's insurance adjuster took charge of what remained of the truck and appellant paid C.I.T. (one of the insured in the policy) $1,400, the balance due it from appellee, but refused to pay the other insured (appellee) anything. Just why appellant should treat the policy as valid in so far as C.I.T. was concerned and void as to appellee, is seemingly unexplained.

The rule is well settled that although the policy, as above indicated, provided that no waiver of the terms of the policy could be effective ''except by endorsement issued to form a part of this policy,'' such provision may be waived orally.

We said in *Connecticut Fire Insurance Company* v. *Boydston,* 173 Ark. 437, 293 S. W. 730: ''It is the settled law of this State that any condition inserted in a policy for the benefit of the insurer may be waived by it, and that an insurance agent authorized to waive a forfeiture in a policy may do so orally, though the policy provides that the waiver must be indorsed on the policy.'' (Citing a number of cases.)

In the recent case of *Southern Farmers Mutual Insurance Company* v. *Garrett,* 212 Ark. 577, 206 S. W. 2d 463, which involved a provision in an insurance policy identical with section (a) above, we said: ''The ques-

tion presented by this record is whether there had been a waiver and the verdict of the jury is conclusive of this issue of fact.

"These provisions of the policy, if waived at all, were waived by the president of the company. Having been inserted for the benefit and protection of the company, they may be waived by it. The Chapter on Insurance, West Digest of Arkansas Reports, §§ 375-6, cites a number of our cases to the effect that such provisions may be waived, and having been waived as found by the jury, the policy was in force when the collision occurred."

We have not overlooked appellant's contention that the trial court erred in instructing the jury that it could not return a verdict for appellee for more than $2,850. We hold that there was no prejudicial error in so instructing the jury, in the circumstances.

As above indicated, appellee was the owner of the truck, appellant had issued the policy to him and C.I.T. as the insureds, damage to the truck had occurred, and appellee was entitled to sue and recover the amount of the damage. In his complaint, appellee asked damages for himself in the amount of $2,850 and for $1,400 for the use and benefit of C.I.T. Since C.I.T. had already been paid, the appellant could not have been prejudiced by the instruction which limited appellee's verdict to $2,850.

Finding no error, the judgment is affirmed.