HAYES BROS. LUMBER CO. *v.* BRADLEY.

5-2772                                                361 S. W. 2d 81

Opinion delivered October 22, 1962.

*Thomas B. Tinnon,* for appellant.

*John B. Driver* and *N. J. Henley,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Roy Bradley, filed this action in the Searcy County Circuit Court alleging that he had been employed by appellant, Hayes Brothers Lumber Company, to buy timber; that he was to be paid $1.00 per thousand feet for the estimated amount of timber in a tract at the time of purchase, and an additional $1.00 per thousand at the time the timber was cut. Bradley alleged that he bought an estimated three million feet of timber, of which two million feet was later cut, making a total of $5,000.00 earned; that he had been paid $2,000.00, leaving a balance of $3,000.00 owed to him on the timber buying contract. He further alleged that he was indebted to Hayes on another account in the sum of $401.00, leaving a balance of $2,599.00 owed to him by Hayes. There was a verdict and judgment for that amount in favor of Bradley and Hayes has appealed.

Appellant contends that there is no substantial evidence to sustain the verdict for any amount, and particularly no evidence to sustain a verdict of $2,599.00. The evidence is convincing that the appellant company, acting through its authorized agent, Noah Burleson, entered into a contract with appellee, whereby Bradley undertook to buy timber for appellant. He was to receive $1.00 per thousand for the estimated footage of timber on a tract at the time of purchase, and was to receive an additional $1.00 per thousand at the time the timber was cut.

There is some discrepancy in the testimony as to both the amount of timber estimated to have been on the various tracts of timber at the time of purchase, and also as to the amount of timber actually cut. Under many decisions of this Court, such discrepancy must be resolved in favor of the jury verdict. *Service Fire Insurance Co.* v. *Payne,* 218 Ark. 499, 236 S. W. 2d 1020; *Wilson* v. *Morse Mill Co.,* 225 Ark. 405, 282 S. W. 2d 803; *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 222.

Mr. Gene Terry, Secretary and Treasurer of the Hayes Company, produced as a witness by Bradley, testified from company records, and gave testimony to the effect that the Bradley estimates totaled 2,465,000 feet, and that of this amount 1,335,602 feet were actually cut. In addition, 67,018 feet were cut from the Baker tract, and 22,863 feet were cut from the Sharp tract. No estimate was given on these two tracts, but by giving appellee the benefit of an estimate equaling the amount cut, this would make a total estimate of 2,554,881 feet. It can also be determined from Mr. Terry's testimony, which was the most favorable evidence for appellee, that a total of 1,425,483 feet were cut. This would make a total of 3,980,364 feet for the estimate and the amount cut. At $1.00 per thousand, Bradley earned $3,980.36.

According to the Complaint, Bradley had been paid $2,000.00; however, the evidence showed he was paid only $1,685.00. This sum, deducted from the amount earned, would leave $2,295.36 owed to him, but he owes the Hayes Company $401.00 on another account. This amount, deducted from the $2,295.36, leaves $1,894.36. When the evidence is viewed in the light most favorable to appellee, this is the total amount he can recover.

The judgment is, accordingly, set aside and a judgment will be entered here for the appellee in the sum of $1,894.36.

Reversed.