MID-SOUTH INS. CO. *v.* DELLINGER.

5-3481                                    388 S. W. 2d 6

Opinion delivered March 15, 1965.

*Smith, Sanderson, Stroud & McClerkin*, for appellant.

*Larey & Larey*, and *Shaver, Tackett & Jones*, for appellee.

FRANK HOLT, Associate Justice. This is an action for a declaratory judgment to determine appellant's liability under the terms of its insurance policy in a pending damage suit action. The suit for damages was instituted by appellee Raymond M. Oliver against appellee Carolyn S. Dellinger to recover for personal injuries and property damage sustained in an automobile collision. In that action the answer was filed four days after the statutory limit. A few days after this late answer was

filed on behalf of·appellant's insured, appellee Dellinger, the appellant filed the present action against appellees Dellinger, Oliver, and its soliciting agent, Charles O. Wade, Jr., for a declaratory judgment contending that the insurance policy issued by it to appellee Dellinger did not cover the particular Dellinger vehicle involved in the collision and, therefore, the appellant insurance company should be relieved from any responsibility to the insured as the defendant in the pending action. The appellees filed an answer insisting that the insurance policy covered the automobile being driven by appellee Dellinger at the time of the collision.

The court, sitting as a jury, held that appellee Dellinger had substantially complied with the requirements of the appellant insurance company as to notice of any change of vehicle and, thus, the appellant was obligated to defend the pending suit for damages. Upon refusal by appellant to accept the responsibility to defend appellee Dellinger pursuant to the terms of the policy, the court then proceeded to grant appellee Oliver's motion to strike the late answer in the pending damage suit and rendered a default judgment in his behalf against appellee Dellinger. Appellant does not appeal from the action of the court in striking the late answer and rendering a default judgment. This appeal is from the action of the court finding substantial compliance by the insured with the terms of the insurance policy.

Appellant ably summarizes its three points for reversal by stating it is appellant's contention that the trial court erred in finding that appellee Dellinger had substantially complied with requirements of the liability insurance policy as to securing an endorsement for a newly acquired or substituted vehicle and that the court further erred in finding that appellant was obligated to defend the damage suit action filed by appellee Oliver against appellee Dellinger.

We review the judgment of the circuit court in a declaratory judgment proceeding in the same manner as any other judgment. Ark. Stat. Ann. § 34-2506 (Repl.

1962). Therefore, if there is any substantial evidence to support the finding upon which the judgment is based we must affirm.

The policy provided no coverage on a substituted vehicle until the endorsement change was actually issued. None was ever issued. However, appellant's own forms, ''Request for Change of Policy,'' supplied to its soliciting agent, appellee Wade, provided *inter alia* that it was understood that a change of car endorsement ''will be effective at date on envelope forwarding this request.'' Appellee Dellinger testified that she had completed such a request on appellant's form and both appellee Wade and an employee testified that the form was forwarded to appellant about two weeks before the accident involving the substituted vehicle. Appellant denied receiving the form request. Appellant's own witness, however, admitted the standard procedure was that when such a form was received by appellant that the date on the envelope controlled the date of coverage rather than the date of the issuance of the endorsement. Appellant admitted it had previously recognized such requests forwarded by appellee Wade, appellant's soliciting agent. Although appellant had knowledge of the accident before the damage suit was filed and disclaimed any coverage because its insured was driving a vehicle not ''named'' in the policy, appellant proceeded to have a late answer filed on behalf of its insured.

It is well settled that any condition inserted in a policy for the benefit of the insurer can be waived by it. *So. Farmers Mutual Ins. Co.* v. *Garrett,* 212 Ark. 577, 206 S. W. 2d 463; *Service Fire Ins. Co.* v. *Payne,* 218 Ark. 499, 236 S. W. 2d 1020.

We think there is substantial evidence to support the finding of the trial court that appellant's insured, appellee Dellinger, complied with appellant's requirements respecting the endorsement coverage of a substituted or newly acquired automobile. The finding of a trial court, sitting as a jury, has the verity and binding effect of a jury verdict and is conclusive of an issue of

172

fact. *Zullo* v. *Alcoatings, Inc.*, 237 Ark. 511, 374 S. W. 2d 188.

By their counter claim the appellees urge that they should be awarded the statutory penalty and attorney's fee as provided in Ark. Stat. Ann. § 66-3238 (Supp. 1963) since they were required to defend appellant's action for a declaratory judgment. While an attorney's fee may be allowed in a case of this nature, Ark. Stat. Ann. § 66-3239 and *Maryland Casualty Co.* v. *Turner,* 235 Ark. 718, 361 S. W. 2d 646, nevertheless, we think justice is fully served by denying an attorney fee in this particular case.

Affirmed.