## HOME INSURANCE COMPANY *v.* JOANN CRAWFORD (KYSER)

5-5718                                          475 S.W. 2d 889

Opinion delivered January 24, 1972
[Rehearing denied February 28, 1972.]

*Griffin Smith,* for appellant.

*Gaughan, Laney, Barnes, Roberts & Harrell,* for appellee.

CONLEY BYRD, Justice. The issues in this case grow out of a fire insurance policy issued by appellant Home Insurance Company through the Silliman Agency, Inc., to Jerry and Marie Pennington containing a mortgagee clause in favor of First Federal Savings and Loan Association of Camden, Arkansas. On August 25, 1969, the Penningtons conveyed the premises to appellee Joann Crawford (Kyser) who assumed the mortgage to First Federal. In making the conveyance and assuming the loan, the parties acted on the advice of First Federal's Fordyce branch manager, J. H. Joyce. Upon a First Federal form furnished by Joyce it was agreed that the escrow fund for taxes and insurance and the insurance policy would be transferred to appellee. Joyce instructed the parties to go to the law office of Thomas Sparks to have the deed prepared, then to have the deed recorded and return it to Joyce to be kept with other legal papers on the property. Joyce gave no verbal instructions to appellee to notify anyone about the transfer

of the policy. The deed was not returned to Joyce until after the property was damaged by fire on September 2, 1969. Home Insurance Company, not having received an endorsement showing transfer of the policy to appellee, denied liability to her. However, under the mortgagee clause, it paid First Federal and took an assignment of the mortgage. Home Insurance then instituted this action to foreclose the mortgage and for a declaratory judgment that it had no obligation to appellee under the policy. The trial court denied any relief to Home Insurance and awarded judgment including 12% penalty and attorney's fee to appellee. For reversal Home Insurance contends among other things that the transfer without notice voided the policy and that the trial court erred in assessing the penalty.

The stipulated facts show that both the Silliman Insurance Agency and First Federal were founded by W. E. Silliman, who is now President of Silliman Agency and Chairman of the Board and General Manager of First Federal. First Federal and Silliman Agency are both located in the same building in Camden and share the same outside entrances to the building. As a part of its business First Federal employees regularly handle transactions such as here involved and in the making of new loans take applications for insurance through the Silliman Agency. The Silliman Agency forms for transfer of a policy and for application for insurance were furnished to the First Federal's Fordyce branch. According to instructions from W. E. Silliman, employees of First Federal waited until they had obtained a recorded deed before they notified the Silliman Agency to transfer a policy of insurance.

H. B. Silliman, general manager of the Silliman agency, testified that the personnel in the Fordyce branch of First Federal normally notified the agency of losses and furnished the necessary information.

It is undisputed that the Silliman Agency is a gen-

eral agent of Home Insurance and that the transfer would have been consummated if the deed had been returned.

Under the proof, we hold that the chancellor was warranted in concluding that Joyce was an authorized agent of the Silliman Agency and that as such he had represented to the appellee that the property was insured. Since under Ark. Stat. Ann. § 66-3219 (Repl. 1966) such an oral contract is binding on the insurer, the Chancellor properly held Home Insurance liable upon the policy.

No error was committed in the allowance of the 12% penalty pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1966) on the counterclaim filed by appellee. That statute provides for the payment of the penalty where a loss has occurred and the insurer fails to pay after demand has been made therefor. We can find nothing in Ark. Stat. Ann. § 66-3239 (Repl. 1966) that prevents the allowance of the penalty upon a counterclaim for a loss.

Home Insurance makes some other contentions such as, that Silliman Agency was not chargeable with knowledge of the change in ownership, and that First Federal could not possibly be an agent of Silliman but in view of the foregoing disposition we find it unnecessary to discuss them.

Affirmed together with an allowance of an additional attorney's fee of $750.00.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree with the majority opinion, because it disregards the separate corporate identities of First Federal Savings & Loan Association and Silliman Agency, Inc., in order to find evidence that an employee of the former was an agent of the latter. The corporate structure is to be disregarded only when it has been *illegally* abused to the injury of another. *Arkla Chemical Co.* v. *Palmer*,

250 Ark. 405 (1971), 465 S. W. 2d 335. This rule has been recognized as being applicable even where the two corporations involved were parent and subsidiary. *Rounds & Porter Lumber Co.* v. *Burns,* 216 Ark. 288, 225 S.W. 2d 1. Control and ownership by the same persons are not a sufficient basis for disregard of separate corporate identity. In *Lange* v. *Burke,* 69 Ark. 85, 61 S.W. 165, we said:

> In supporting his contention the receiver lays much stress upon the fact that the two corporations were practically under the control of the same persons; Kaiser and Ohrndorf being directors and officers, and the owners of the large majority of the stock, in each company. But this fact does not prove that the two companies were in fact one corporation, and that the trustee, the appellant, was not a creditor of the lumber company. A corporation is an artificial being, separate and distinct from its agents, officers, and stockholders. Its dealings with another corporation, although it may be composed in part of persons who own the majority of the stock in each company, and may be managed by the same officers, if they be in good faith and free from fraud, stand upon the same basis, and affect it and the other corporation to the same extent, they would if each had been composed of different stockholders and controlled by different officers.

Even those corporations with identical officers, stockholders and managers and with the same post office address are separate legal entities, and liability of one for the acts of the other must be predicated upon other facts, and the fact that such corporations have mutual dealings is not sufficient. *Mannon* v. *R. A. Young & Sons Coal Co.,* 207 Ark. 98, 179 S. W. 2d 457; *Ft. Smith Light & Traction Co.* v. *Kelley,* 94 Ark. 461, 127 S. W. 975. See also, *G. W. Jones Lumber Co.* v. *Wisarkana Lumber Co.,* 125 Ark. 65, 187 S. W. 1068; *Mid-State Homes, Inc.* v. *Knight,* 237 Ark. 802, 376 S. W. 2d 556. Although a subsidiary or auxiliary corporation created as an agency of the parent corporation,

may sometimes be treated as identical with the parent, especially if the stockholders are substantially the same or their systems of operation unified, the corporate veil may be pierced when allowing the subsidiary or auxiliary to claim separate existence would constitute constructive fraud, but even then the rule is to be applied with extreme caution. *Plant* v. *Cameron Feed Mills,* 228 Ark. 607, 309 S. W. 2d 312; *Banks* v. *Jones,* 239 Ark. 396, 390 S. W. 2d 108.

Special circumstances justifying piercing the corporate veil are neither alleged nor proved in this case. Appellee alleged that the transaction between her and the sellers was handled by First Federal Savings & Loan Association through James Joyce, who, she alleged, was its employee. The memorandum of assumption of the loan exhibited to the complaint recited a request that First Federal Savings & Loan notify the proper insurance agent of the transfer and that the policy in force be transferred. It was also alleged that Joyce agreed to do this. It was alleged that First Federal—not Joyce— acted as agent for the Silliman Agency and the Home Insurance Company, so that knowledge of the. transfer was imputed to Home and that the insurance company was estopped to deny its liability to appellee under the policy.

The chancery court's findings of fact include a finding that Joyce, not First Federal, was an agent of Silliman Agency, Inc., and acting for it as well as for First Federal. There is no evidence that the two corporations have more than one officer in common. The managers are not the same person. It is not shown that the ownership is even substantially the same. It would be surprising if such a thing were possible with a Federal Savings and Loan Association, in which the depositors are the equivalent of stockholders. A subsidiary or auxiliary corporation is not involved. The basis for invoking the rule for piercing the corporate veil is not even remotely present.

The only evidence pertaining to Joyce's alleged agency is that the Silliman Agency furnishes forms of

its applications for insurance and for transfers of insurance to the First Federal office at Fordyce, which places insurance for its customers. These forms when filled in and signed are mailed to the Silliman Agency in Camden. Transfers are made there when the forms are received. I can find no evidence which met appellee's burden in this regard. It seems obvious to me that this is the reason she did not rely on Joyce's agency in her complaint.

It must be remembered that this is not an action by appellee against the mortgagee, First Federal. Furthermore, appellant's right to recover is not defended upon the ground that the right of the insurance company as subrogee was limited or destroyed because of any counterclaim appellee might have against appellant's subrogor, First Federal.

It has often been said that hard cases make shipwreck of the symmetry of the law. In my opinion, this case must take its place in the forefront of that category.