## Vern BARNETT v. MARYLAND CASUALTY COMPANY

5-6181                                          490 S.W. 2d 784

### Opinion delivered February 25, 1973

*Douglas Bradley* and *Jon R. Coleman,* for appellant.

*Barnett, Wheatley, Smith & Deacon,* for appellee.

FRANK HOLT, Justice. The only issue on appeal is whether the appellant's residential homeowner's insurance policy covered the fire loss of his electric cook stove which was not on the insured premises. Based upon a stipulation of facts, the trial court, sitting as a jury, adjudged that appellant recover nothing from the appellee insurer and dismissed appellant's complaint. Appellant asserts that this adverse judgment is contrary to the law and facts and, accordingly, should be reversed. We cannot agree.

The appellant owned a rental house. A tenant purchased and installed the electric stove during his occupancy. When the tenant moved the appellant acquired ownership of the stove in payment of the tenant's rental indebtedness. Appellant did not remove the stove. Within the month he again rented the house. His new tenant, an employee, had a stove which "would not fit in the space." Appellant "loaned" the electric stove to his new tenant "with no additional rent being charged," reserving the right to remove the stove at any time.

About three months after renting the house to the new tenant, the house and stove were destroyed by fire. The agreed value of the stove is $326.

Appellant's homeowner's insurance policy on his own dwelling (not the rental house) provided coverage for "unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling ***while on the described premises and ***_such_ unscheduled personal property while elsewhere than on the described premises, any where in the world." (emphasis added) This coverage excluded "property rented or held for rental to others by the insured" and "business property while away from the described premises;..." These exclusions were pleaded as affirmative defenses and, also, that the coverage for unscheduled personal property included only such "personal property usual or incidental to the occupancy of the premises as a dwelling insured under the contract of insurance."

It clearly appears that "such unscheduled property while elsewhere" must be "usual and incidental to the occupancy of the [insured] premises" in order to be covered by appellant's homeowner's policy. There is no evidence that appellant acquired, used or even contemplated the use of this particular electric stove in his own residence. To the contrary, the electric stove was acquired in connection with a business or the rental of a house. The stove, so acquired, was left in the rental house, as a loan, since the tenant's stove wouldn't fit. A contract of insurance, like other contracts, must be accorded a reasonable interpretation in giving legal effect to its language and provisions. _Aetna Life Insurance Co._ v. _Spencer,_ 182 Ark. 496, 32 S.W. 2d 310 (1930). In the case at bar, we cannot say the trial court's interpretation is unreasonable nor that the court's finding is unsupported by substantial evidence.

Affirmed.