SHELTER MUTUAL INSURANCE CO. *v.* Amelee SMITH and Ruth Smith, Husband and Wife, and Kathy Lowell

89-200                                   779 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered November 6, 1989

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellant.

*Mashburn & Taylor*, by: *W.H. Taylor*; and *Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellees.

STEELE HAYS, Justice. This appeal is taken from a jury verdict finding that horse racing activities by Amelee and Ruth Smith, appellees, was not a "business pursuit" under a farm owners policy of insurance issued by the appellant, Shelter Mutual Insurance Company. The question for review is whether the verdict is supported by substantial evidence.

Amelee and Ruth Smith live on 160 acres of land in southern Missouri where they maintain several thoroughbred race horses. Mrs. Smith is employed; Mr. Smith is retired with disability income. At some time prior to 1983 an agent for Shelter reviewed their circumstances and recommended Shelter's farm owners policy, which they accepted. In 1983 during a racing meet at the Carroll County Fair the Smiths' race horse, "Charger," veered from the track and injured Kathy Lowell. When Ms. Lowell made claim on the Smiths they looked to Shelter to defend under their policy. Shelter filed this declaratory judgment action against the Smiths and Kathy Lowell, alleging that the Smiths' horse racing was a "business pursuit" and as such was excluded from coverage under the policy. Shelter and Lowell entered into a side agreement that if coverage was upheld she would receive $52,500 from Shelter. The case was submitted to the jury under a general verdict form and the jury found for the defendants. The trial court allowed an attorneys fee but refused to allow a twelve percent penalty. Shelter has appealed and the Smiths have cross-appealed.

■ The contention that the verdict is not supported by substantial evidence is, we think, tantamount to arguing that the horse racing activities of the Smiths were, as a matter of law, a business pursuit as that term is defined in the policy. If that were so, the trial court would have been obliged to grant a motion for a directed verdict at the close of the case. *Higgins* v. *Hines*, 289 Ark. 281, 711 S.W.2d 783 (1986); *Farm Bureau Mutual Ins. Co.* v. *Parks*, 266 Ark. 454, 585 S.W.2d 936 (1979). However, the evidence was such that reasonable minds might well have differed and, that being so, the issue was one for the jury to decide. *Barger* v. *Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986); *Williams* v. *Curtis*, 256 Ark. 237, 506 S.W.2d 563 (1974).

■■ The Smiths testified that the horse racing was not conducted as a business, but as a hobby, simply for their own enjoyment. Of course, those subjective conclusions were not binding on the jury, but where intent is a material consideration, as Shelter tacitly concedes, that may be sufficient to sustain a verdict. We need not rely on that alone, however, because there was objective evidence to support either position: The Smiths' income tax returns were consistent with the view that the activity was a business, albeit an unprofitable one; that, too, was the

opinion of their present accountant; but there was offsetting proof that H & R Block, which previously prepared their returns, regarded the operation as a nonbusiness venture and refused to prepare returns based on such a business concept. But while the manner by which the Smiths reported the activities for tax purposes is plainly pertinent, it is not conclusive of the issue. Without restating the testimony in detail, there was proof from which the jury could infer that horse racing was for the Smiths a pastime, primarily for their own enjoyment, and not a business pursuit.

There is yet another basis on which we must affirm. The jury was instructed that Shelter had the burden of proving that the injury to Ms. Lowell was excluded in the policy of insurance, that it must consider the language of the policy in its entirety in determining the intent of the parties, must strictly interpret exclusions to insurance coverage and must resolve all reasonable doubts in favor of the Smiths. It follows that the jury may have determined that Shelter did not meet that burden, or concluded that the language of the policy was ambiguous and, in accordance with the instructions, resolved the doubt against the insurer.

■ The trial court awarded an attorney's fee to the Smiths but refused to impose a penalty of twelve percent. The Smiths have cross-appealed from that refusal. The trial court was correct. The Smiths counterclaimed for the twelve percent penalty under Ark. Code Ann. § 23-79-208 (1987) which states:

> (a) In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company . . . liable therefore shall fail to pay the losses within the time specified in the policy, after demand made therefore, the person, firm, corporation or association shall be liable to the holder of the policy or his assigns, in addition to the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

We have interpreted this statute to require the insured to have suffered a loss, and to have recovered a money judgment. *Cato* v.

*Ark. Mun. League Mun. Health Benefit Fund*, 285 Ark. 419, 688 S.W.2d 720 (1985); *Miller's Mutual Ins. Co. v. Keith Smith Co.*, 284 Ark. 124, 680 S.W.2d 102 (1984); *Firemen's Fund Ins. Co. v. Clark*, 253 Ark. 1025, 490 S.W.2d 447 (1973).

■ Shelter argues that Ark. Code Ann. § 23-79-208 (1987) is inapplicable for declaratory judgments and that the controlling statute is Ark. Code Ann. § 23-79-209 (1987) which states:

> (a) In all suits in which the judgment or decree of a court is against a life, fire, health, accident, or liability insurance company . . . in a suit for a declaratory judgment under the policy, the company shall also be liable to pay the holder of the policy all reasonable attorneys' fees for the defense or prosecution of the suit, as the case may be.

This statute specifically applies to declaratory judgment actions, and excludes the allowance of a penalty although providing for an award of attorneys fees.

The Smiths suggest that the cases of *Home Insurance Company v. Crawford*, 251 Ark. 843, 475 S.W.2d 889 (1972) and *Mid-South Insurance Co. v. Dellinger*, 239 Ark. 169, 388 S.W.2d 6 (1965) conflict as to whether Ark. Code Ann. § 23-79-209 (1987) allows for a twelve percent penalty. They rely on *Home Insurance*, and maintain it overrules *Dellinger*. However, we do not find these cases to be inconsistent.

In *Mid-South Ins. Co. v. Dellinger*, 239 Ark. 169, 388 S.W.2d 6 (1965), Mid-South, which had issued an automobile insurance policy to Dellinger, brought a declaratory judgment action to determine if it must defend Dellinger in a pending personal injury action. The trial court found that Mid-South was obligated to defend and Dellinger then counterclaimed for the statutory penalty and attorney's fee as provided in Ark. Stat. Ann. § 66-3238 [Ark. Code Ann. § 23-79-208 (1987)], since Dellinger had to defend Mid-South's declaratory judgment action. We affirmed and noted that, "while an attorney's fee may be allowed in a case of this nature, Ark. Stat. Ann. § 66-3239 [now Ark. Code Ann. § 23-79-209 (1987)], nevertheless, we think justice is fully served by denying an attorney fee in this particular case." *Mid-South* has then been interpreted to stand

for the proposition that the provisions of Ark. Stat. Ann. § 66-3238 [Ark. Code Ann. § 23-79-208 (1987)] do not extend to declaratory judgment actions. However, our language simply indicates that Ark. Stat. Ann. § 66-3239 provides for an attorneys fee, but no penalty and that under the particular circumstances of that case, the denial of an attorney's fee was not error.

In *Home Insurance Company* v. *Crawford*, 251 Ark. 843, 475 S.W.2d 889 (1972), Home Insurance issued a fire policy to the Penningtons with a mortgage clause in favor of First Federal. When the house sold, the insurance policy was to be transferred to Ms. Crawford, but before the transfer was completed, the house burned. Home Insurance denied liability and paid First Federal, taking an assignment of the mortgage. Home Insurance then instituted a mortgage foreclosure and declaratory judgment action to determine liability to Ms. Crawford. We held that the trial court did not err in allowing a twelve percent penalty under Ark. Code Ann. § 23-79-208 (1987) (formerly, Ark. Stat. Ann. § 66-3238) on the counterclaim filed by Ms. Crawford. We said, "That statute [Ark. Code Ann. § 23-79-208 (1987)] provides for the payment of the penalty where a loss has occurred and the insurer fails to pay after demand has been made therefor. *We can find nothing in Ark. Stat. Ann. § 66-3239 that prevents the allowance of the penalty* upon a counterclaim for a loss." (Our emphasis.) Although the form of the suit in *Home Insurance* was that of a declaratory judgment, because a money loss did occur and Ms. Crawford satisfied the requirements of Ark. Code Ann. § 23-79- 208 (1987), she was allowed to recover both attorney's fees and a penalty. However, *Home Insurance* did not argue that Ark. Code Ann. § 23-79-209 (1987) allows the recovery of a twelve percent penalty, as this is directly opposed to the statutory language. Rather, *Home Insurance* merely allowed the penalty since the requirements of Ark. Code Ann. § 23-79-208 (1987) were satisfied and because there was nothing in Ark. Code Ann. § 23-79-209 (1987) prohibiting the penalty.

Here, no loss was suffered by the Smiths and no money judgment was recovered, and thus the Smiths failed to satisfy the requirements of Ark. Code Ann. § 23-79-208 (1987). While the Smiths were entitled to an attorney's fee under Ark. Code Ann. § 23-79-209 (1987), they were not entitled to a twelve percent penalty under Ark. Code Ann. § 23-79-208 (1987). In this

declaratory judgment action, the awarding of attorneys fees is proper only under Ark. Code Ann. § 23-79-209 (1987), and this statutory provision, conspicuously by the absence of a penalty provision, fails to provide for the twelve percent penalty. Therefore, the trial judge did not err in refusing to assess the twelve percent penalty.

Affirmed on appeal and cross-appeal.