WASHINGTON COUNTY FARMERS MUTUAL FIRE INSURANCE CO. *v.* Darrel PHILLIPS and Alma Lane Phillips

CA 90-359                                             807 S.W.2d 940

Court of Appeals of Arkansas
Division II
Opinion delivered May 1, 1991

*Davis, Cox & Wright*, by: *Tim E. Howell*, for appellant.

*Billy J. Allred*, for appellees.

MELVIN MAYFIELD, Judge. Appellant Washington County Farmers Mutual Fire Insurance Company appeals from a jury verdict finding appellees entitled to recover $7,227.00 under an insurance policy.

On August 6, 1987, the appellant issued a policy insuring the appellees' dwelling and their household and personal effects against fire and other named perils. The policy defined "household and personal effects" as follows:

> (2) HOUSEHOLD AND PERSONAL EFFECTS usual and incidental to the occupancy of the premises as a dwelling (but excluding accounts, bills, currency, deeds, abstracts, evidence of debt, money, securities, diamonds, antiques, motor vehicles, aircraft, radio and television antenna and masts, windchargers, citizen band radios, scanners, lawn mowers, animals and pets, outdoor equipment, fences, trees, shrubs, plants and lawns) belonging to the insured, or at the option of the insured, belonging to the members of his household, all while on the premises herein described.

On November 26, 1988, a fire occurred at appellees' residence causing damages to the porch and wall of the residence and a total loss to seventeen stamp vending machines stored on the porch. Farmers Mutual denied coverage for damage to the vending machines, and on March 10, 1989, appellees filed a complaint seeking to recover fire damages to their residence totaling $282.23 and damages to the vending machines totaling $7,227.00, plus an additional 12% penalty and attorneys fees. Subsequent to the filing of the complaint, Farmers Mutual paid

the full amount of loss to the residence, and that portion of the complaint was dismissed with prejudice.

On August 16, 1989, appellant filed a motion for summary judgment on the basis that, as a matter of law, the stamp vending machines which were to be put to business use in the future were not covered under the policy's definition of "household and personal effects usual and incidental to the occupancy of the premises as a dwelling." The trial court denied appellant's motion, on the holding that the question as to whether or not the policy covered the stamp machines was a question of fact to be determined at trial.

On April 9, 1990, immediately prior to trial, appellant asked the court for a ruling on whether or not the applicable contract language was ambiguous. The trial court stated:

> Well, in reading the contract terms, I think that is a matter for the jury to determine. Now if it's clear and there is no doubt then I think the Court can rule one way or the other. But in reading the terms at this time, I am going to decline to instruct them as to whether it is ambiguous or not ambiguous and allow them to make that determination by means of an instruction that I give them.

At the close of the appellees' case, appellant moved for a directed verdict asserting there was no evidence of any ambiguity and appellees had admitted the vending machines were going to be put to a business use. The trial court overruled appellant's motion stating that it had previously ruled that it was a fact question as to whether or not the machines were covered under the insurance policy, and there was no policy language excluding business property. At the close of all the evidence, the motion was renewed and again denied. The case was then submitted to the jury which returned a verdict for the appellees in the amount of $7,227.00.

On appeal, appellant argues that the jury's verdict is not supported by substantial evidence. Appellant also argues the trial court erred (1) in denying appellant's motions for summary judgment and directed verdict, (2) in refusing to rule whether or not the policy language was ambiguous and leaving it to the jury to decide, and (3) in giving jury instructions number 7 and 8.

These instructions stated:

### JURY INSTRUCTION NUMBER 7

Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, and be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. However, where the terms or words of policy are of doubtful meaning or have more than one meaning, that construction most favorable to the insured will be adopted.

### JURY INSTRUCTION NUMBER 8

You are instructed that if you find that the term "household and personal effects usual and incidental to the occupancy of the premises as a dwelling" is of doubtful meaning or has more than one meaning, then you must construe the phrase in favor of the plaintiffs, Darrel Phillips and Alma Lane Phillips, and against the defendant, Washington County Farmers Mutual Fire Insurance Company.

In the first place, our supreme court has held that the denial of a summary judgment is not reviewable where the denial is followed by a trial on the merits. *The American Physicians Insurance Co.* v. *Hruska*, 244 Ark. 1176, 428 S.W.2d 622 (1968). As to appellant's contention that it was entitled to a directed verdict, this contention is based on its argument that the policy was not ambiguous and therefore there was no question for the jury to decide. Appellant does not argue that the stamp vending machines were not "personal effects . . . belonging to the insured . . . on the premises." The contention is that they were not personal effects "usual and incidental to the occupancy of the premises as a dwelling." These terms, however, are not defined by appellant's policy.

In reviewing the denial of a motion for directed verdict, we give the proof its strongest probative force. Such proof, with all reasonable inferences, is examined in the light most favorable to the party against whom the motion is sought and if there is any substantial evidence to support the verdict we will affirm the trial court. *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987).

Here, the appellee Alma Phillips testified that she purchased the vending machines in April 1988 because her husband wasn't able to work, and she wanted some way for him to have extra income. She testified that when the machines arrived they were put on the porch of appellees' house by UPS; that at the time of the fire in November of 1988, the machines were not being used in a business; that they were still in boxes and Mrs. Phillips was waiting for information on how to load, unload and maintain the machines. She testified she hadn't set any of the machines up but had talked to several merchants who indicated they might like to have a machine located at their places of business. Mrs. Phillips testified further that she thought the stamp machines were "an incidental happening" to her living in the residence, that it was not something that happened every day, and in fact at the time of the trial, she had some furniture in her house that she had bought for someone else. She said she did "store" things at her house and had things at her house "besides the things she used everyday."

■ Although Joyce Cunningham, secretary-manager of the appellant, testified it denied appellees' claim for the vending machines because it did not feel they were usual and incidental to the occupancy of the premises as a dwelling and that this terminology means "what you live with, what it takes to occupy a house, cooking, sleeping, what you wear," the jury did not have to accept appellant's view. A summary judgment was reversed in *Camp* v. *Elmore*, 271 Ark. 407, 609 S.W.2d 86 (Ark. App. 1980), where Judge Newbern, writing for the Arkansas Court of Appeals, said the trial court must have determined, as a matter of law, that "a wide variety of personalty, including such items as fishing equipment, a cement mixer, wrenches and motors" was not property that "was usual or incidental to the premises as a dwelling." Judge Newbern's opinion stated, "we consider the words highly ambiguous." It is also clear that ambiguous provisions are to be construed most strongly against the insurer which drafts the policy. *Home Indemnity Co.* v. *City of Marianna*, 291 Ark. 610, 616, 727 S.W.2d 375 (1987); *Drummond Citizens Insurance Co.* v. *Sergeant*, 266 Ark. 611, 619, 588 S.W.2d 419 (1979).

■ The appellees argue that the answer to the question of whether the presence of stamp vending machines is "usual and incidental to the occupancy of the premises as a dwelling" is

*probably not* but *maybe so.* We agree. The storing of personal effects on the dwelling premises is undoubtedly usual to the occupancy of the dwelling; however, stamp vending machines may not be the usual type of personal effects so stored. But under the circumstances in this case, we think the jury could find that it was perfectly normal, natural, and in the ordinary course of events to store these machines on the appellees' dwelling premises until they could be put in use at some place of business. Obviously, the storage of the machines was incidental to the occupancy of the premises as a dwelling. So the answer as to whether the presence of the machines was usual was, as the appellees put it, "probably not but maybe so," and the answer by the jury after hearing the evidence was "yes it was usual." We think that answer is supported by substantial evidence.

Appellant has placed emphasis in its brief on the fact that appellees admittedly acquired the machines for use in business. However, although the policy language contains a long list of exclusions, there is no exclusion for property acquired for use in a prospective business and the issue to be decided was whether the vending machines were "usual and incidental to the occupancy of the premises as a dwelling" at the time of the fire.

As to appellant's argument that the trial court erred in refusing to rule on whether the policy language was ambiguous, we think, although the trial court did not make an explicit ruling on that issue, by virtue of its ruling that there was a question for the jury to decide, the trial court found, at least by implication, that the language of the policy was ambiguous. Counsel for appellant told the trial court that he did not contend the law as stated in instructions 7 and 8 was wrong, he objected just to the giving of the instructions to the jury. It is clear that where a contract is ambiguous, its meaning becomes a question of fact. *Floyd* v. *Otter Creek Homeowners Association,* 23 Ark. App. 31, 742 S.W.2d 120 (1988). The rule applies to insurance policies. *State Farm Insurance Companies* v. *Gilbert,* 3 Ark. App. 52, 621 S.W.2d 880 (1981). *See also Shelter Mutual Ins. Co.* v. *Smith,* 300 Ark. 348, 779 S.W.2d 149 (1989) (insurance coverage depended upon whether the appellees' horse racing activity was a hobby or a business; court held this was a question of fact under the evidence presented).

Appellant also argues the trial court erred in refusing to give its proffered instructions 1 and 2 which it says were taken from the opinion in *Barnett* v. *Maryland Casualty Co.*, 253 Ark. 1103, 490 S.W.2d 784 (1973). These instructions were as follows:

*INSTRUCTION NO. 1*

You are instructed that property which is not acquired, used or even contemplated for use in a residence does not constitute household or personal effects usual and incidental to the occupancy of the premises as a dwelling.

*INSTRUCTION NO. 2*

You are instructed that property which is acquired in connection with or anticipation of a business does not constitute household or personal effects usual and incidental to the occupancy of the premises as a dwelling.

We do not think *Barnett* is controlling here. In that case, the supreme court simply held that the trial court's interpretation of the language of a provision of a policy of insurance was not unreasonable and was supported by substantial evidence. In the instant case, the appellant's proffered instructions would, in effect, have directed a verdict on the factual issue the jury was to consider, and the trial court was correct in refusing to give the proffered instructions. *See Miller* v. *Ballentine*, 242 Ark. 34, 411 S.W.2d 655 (1967), and *Love* v. *H.F. Construction Company*, 261 Ark. 831, 552 S.W.2d 15 (1977), which hold that the giving of binding instructions is erroneous.

Affirmed.

COOPER and ROGERS, JJ., agree.