VICTORY, Judge.
Plaintiff, Ann Bowen, and an intervening insurer, Aetna Casualty, appeal a trial *1201 court ruling which granted defendant, State Farm Fire and Casualty Company, summary judgment in this tort suit, holding its homeowner’s insurance policy issued to defendant, Ben Skillman, excluded coverage for an accident in which Bowen was kicked in the knee by Skillman’s racing horse. We reverse and remand.

FACTS

In 1989, Skillman owned an interest in a racing horse named Wafflier. On August 24, 1989, Wafflier was seen by Equine Medicine and Surgery, a group of veterinarians who employed Bowen as an assistant. During the course of the examination, in which Bowen’s duties were to hold the horse while the veterinarian administered a shot, the horse kicked Bowen in the knee. This blow resulted in ligament damage which required several surgeries.
Bowen filed suit against Skillman for her damages. She later amended her petition to add as a defendant State Farm, Skill-man’s homeowner’s insurance carrier. Aetna Casualty, the worker’s compensation carrier for Bowen’s employer, intervened seeking recovery of approximately $35,000 in benefits paid to Bowen.
State Farm moved for summary judgment claiming that the homeowner’s policy issued to Skillman provided no coverage for the injury because it contained an exclusion for “bodily injury or property damage arising out of business pursuits of the insured” and that Wafflier was a business pursuit of Skillman. In support of its motion, State Farm filed Skillman’s answers to interrogatories indicating the horse was raced for profit at Louisiana Downs and that a net loss from such racing activities was declared on Skillman’s 1989 federal income tax return.
Skillman filed a memorandum in opposition to State Farm’s motion for summary judgment arguing that the ownership of his horse was not a business pursuit, but merely a hobby. In support of this contention, Skillman filed an affidavit stating the following:
1. He is not in the business of training and boarding horses; rather, he is in the real estate business;
2. Though he has owned horses in the past, he did so for personal enjoyment and not as a business pursuit;
3. On the date of the accident, he owned no interest in any other horse;
4. Although he has owned horses in the past, he never had any interest in more than two or three at one time;
5. He has always contracted with others for the boarding and training of his horses; and
6. In the instant case, the horse was boarded and trained by C.W. Walker.
On July 13, 1992 the district court granted State Farm’s motion for summary judgment and dismissed State Farm from the proceedings. It is from this judgment that Bowen and Aetna Casualty now appeal.

DISCUSSION

The granting of a motion for summary judgment is appropriate if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Ouachita National Bank v. Palowsky, 570 So.2d 114 (La.App. 2d Cir.1990). Only when reasonable minds must inevitably concur is a summary judgment warranted, and any doubt should be resolved in favor of a trial on the merits as the summary procedure should be used cautiously and sparingly. Id.
The burden of proof initially rests upon the party moving for summary judgment to show convincingly, either by affidavits, depositions or other admissible proof, that there is an absence of a genuine issue of material fact between the litigants. Until mover discharges this burden, the obligation of countering by the adverse party does not arise. Once the movant has discharged this burden, the adverse party must show by admissible evidence that a genuine issue of material fact does exist. People’s Homestead Federal Bank For *1202 Savings v. Laing, 569 So.2d 271 (La.App. 2d Cir.1990). In effect, after the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opponent to prove that material facts are at issue. Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2d Cir.1990).
The papers supporting the mover’s position are to be closely scrutinized, while the opposing papers are to be indulgently treated in determining whether mover has satisfied his burden. SJ v. PM, 586 So.2d 662 (La.App. 2d Cir.1991); Ouachita National Bank In Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991). Mere belief by a trial court that a litigant is unlikely to prevail on the merits is not sufficient cause to sustain a motion for summary judgment if a genuine dispute exists between the parties as to a material issue of fact. People’s Homestead Federal Bank For Savings v. Laing, supra.
After reviewing the documents submitted supporting and opposing the motion for summary judgment, we are convinced that there is a genuine issue of material fact that must be decided by the trier of fact at trial on the merits. Quite simply, the factual question at issue is whether Skillman’s ownership and racing of Wafflier is a “business pursuit”[1] as excluded by the policy.
State Farm argues that Wafflier must be a business pursuit because Skillman raced the horse for profit and claimed a net loss on his 1989 federal tax return. However, Skillman’s affidavit claims that the ownership of the horse was a hobby solely for aesthetic reasons, not for business or economic profit. Mr. Skillman’s motive and intent in owning and racing the horse are factors to be considered in the resolution of this issue, and should not be determined until his testimony and credibility are placed before the trier of fact at trial. Intent, like motive, knowledge, and good faith, is a matter of subjective fact, and generally should not be resolved by summary judgment. Penalber v. Blount, 550 So.2d 577 (La.1989); Thomas v. Bryant, 597 So.2d 1065 (La.App. 2d Cir.1992).
Although Skillman has raced the horse for profit and declared a loss on his 1989 tax return, we cannot say that those facts must necessarily lead all reasonable minds to the conclusion that his ownership and racing of the horse was a “business pursuit.” In Shelter Mutual Insurance Co. v. Smith, 300 Ark. 348, 779 S.W.2d 149 (1989), a jury found that horseracing activities under circumstances somewhat similar to Skillman’s did not constitute a “business pursuit.” This finding was affirmed by the Arkansas Supreme Court which noted as follows:
But while the manner by which the Smiths reported their activities for tax purposes is plainly pertinent, it is not conclusive of the issue. Without restating the testimony in detail, there was proof from which the jury could infer that horse racing was for the Smiths, a pastime, primarily for their own enjoyment, and not a business pursuit.

DECREE

For the foregoing reasons, the judgment of the trial court granting State Farm’s motion for summary judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Although the policy does not define "business pursuits," it does define "business" as a “trade, profession or occupation.” Similar exclusions have repeatedly been held to be unambiguous. Roberts v. Hartford Accident and Indemnity Company, 394 So.2d 696 (La.App. 3d Cir.1981); Pitre v. Pennsylvania Miller Mutual Insurance Company, 236 So.2d 920 (La.App. 3d Cir.1970); Berry v. Aetna Casualty & Surety Company, 221 So.2d 272 (La.App. 2d Cir.1969).