The Honorable John Casteel Prosecuting Attorney 19th East Judicial District P.O. Box 536 Berryville, AR 72616
Dear Mr. Casteel:
I am writing in response to your request for my opinion on the following question:
 Do the laws of the State of Arkansas prohibit a County Fair Association from constructing and operating a horse-racing track? There would be no wagering or pari-mutuel [betting] allowed and no racing season. The horse races would take place during the county fair. Essentially, the horse race would be an attraction at the county fair.
RESPONSE
In my opinion, nothing prohibits the Carroll County Fair Board from constructing and operating a horse-racing track under the circumstances you have described.
Various statutes and constitutional provisions address the permissibility of horse racing. Section 5-66-116(a) of the Arkansas Code provides:
 It shall be unlawful to bet in this state, directly or indirectly, by selling or buying pools or otherwise, any money or other valuable thing, on any horse race of any kind whether had or run in this state or out of this state.
Amendment 46 to the Arkansas Constitution qualifies this statute as follows:
 Horse racing and pari-mutuel wagering thereon shall be lawful in Hot Springs, Garland County, Arkansas, and shall be regulated by the General Assembly.[1]
Subsection 23-110-301(a)(1) further provides:
 Horse racing may be conducted in all political subdivisions of the State of Arkansas, in addition to the City of Hot Springs, Garland County, Arkansas, where horse racing has been made lawful by Arkansas Constitution, Amendment 46, but only by the holder of a franchise granted by the commission.
Although the statute just quoted does not specify that the franchise requirement is limited to horse-racing tracks that conduct pari-mutuel betting, I believe this condition is clearly reflected in chapter 110 of title 23 of the Code, which generally sets forth the Arkansas Racing Commission's controls over gambling on horse races. Section 23-110-401
makes it a misdemeanor to conduct a horse race "for any stake, purse, orreward, except with a license duly issued as provided in this subchapter." (Emphasis added.) In my opinion, this statute is intended to prohibit unregulated gambling on horse races, not the races themselves. This focus on gambling, as opposed to racing in general, is further reflected in A.C.A. § 23-110-204(a), which defines the powers of the Arkansas Racing Commission:
 Subject to the limitations and conditions as provided in this chapter or other applicable law, the commission shall have sole jurisdiction over the business and the sport of horse racing in this state where the racing is permitted for any stake, purse, or reward. . . .
(Emphasis added.) In accordance with this statute, the Rules and Regulations Governing Horse Racing in Arkansas focus exclusively on the regulation of racing events at which gambling occurs. Indeed, the Foreword to the Rules echoes the statutory restriction of the Arkansas Racing Commission's jurisdiction to racing events at which wagers are made:
 The Rules herein prescribed, and any amendments or additions thereto, apply to all persons, partnerships, associations, firms, or corporations, their officers, directors, stockholders, agents, representatives or employees, who hold, conduct, patronize, aid, assist or participate in any Meeting within the State of Arkansas where Thoroughbred Horse Racing licensed by the State of Arkansas shall be permitted for any stake, purse or reward.
(Emphasis added.) Likewise, Rule 1020 defines the term "contest" not as any horse race, but rather as "a competitive racing event on whichpari-mutuel wagering is conducted." (Emphasis added.) Rule 1064 further defines "permit" as" an authorization by the Commission to an association to conduct horse racing with pari-mutuel wagering at a specified location." (Emphasis added.) Finally, and perhaps most significantly, A.C.A. § 23-110-401 criminalizes unlicensed horse racing only when the race is conducted "for any stake, purse, or reward." (Emphasis added.)
As these rules and statutes reflect, the trigger to regulation and possible prohibition of horse racing is gambling. Consequently, in my opinion nothing prohibits the Carroll County Fair Board from constructing and operating an unlicensed horse-racing track so long as it prohibits wagering on the races and so long as it does not award a purse to the winning horse.[2]
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] Article 19, § 14 of the Arkansas Constitution prohibits lotteries. In Longstreth v. Cook, 215 Ark. 72, 220 S.W.2d 433 (1949), the Arkansas Supreme Court concluded that pari-mutuel betting on horse races does not constitute a lottery, since the element of chance is not controlling in determining the outcome of a race.
[2] In Shelter Mutual Insurance Company v. Smith, 300 Ark. 348,779 S.W.2d 149 (1989), the Arkansas Supreme Court considered the issue of an insurer's contractual liability for injuries suffered by a horse during a race at the Carroll County Fair. Although not directly addressed with the question, the Court at no point even hinted that such an event might be impermissible under Arkansas law.