# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

QUEEN OF ARKANSAS INSURANCE COMPANY *v*. BRAMLETT.

## Opinion delivered March 18, 1912.

1. APPEAL AND ERROR—WHEN BILL OF EXCEPTIONS UNNECESSARY.—
Errors which appear in the judgment itself may be reviewed on appeal,
although there is no bill of exceptions. (Page 2.)

2. INSURANCE—LIABILITY OF INSURER FOR PENALTY AND ATTORNEY'S
FEE.—Where the insurer, when sued on a fire loss, claimed a set-off for an
amount due on a certain note, which the insured conceded at the trial
to be correct, and the insurer went to trial upon other issues denying
insured's right to recover at all, and insured recovered the amount sued
for less the set-off, he was entitled to recover the statutory penalty
and an attorney's fee. (Page 2.)

3. APPEAL AND ERROR—REVIEW—PRESUMPTION.—Where, in an action
on a policy of fire insurance, the company pleaded breaches of the
contract as a bar to recovery, and also pleaded a note given by plain-
tiff as a set-off, and plaintiff admitted that the set-off should be allowed
as a credit on such note, and the defendant went to trial on its other
pleas, it will be presumed that the defendant refused to pay the policy,
not because of a refusal of credit for the amount of the note, but
because of a denial of any liability whatsoever. (Page 2.)

Appeal from Randolph Circuit Court; *John W. Meeks,*
Judge; affirmed.

*Manning & Emerson* and *A. W. Files,* for appellant.

Appellee having sued for a greater amount than he was
entitled to recover as appears by the verdict, he was not entitled
to recover the penalty and an attorney's fee, and a bill of excep-
tions, is not necessary to bring this question before the court.
93 Ark. 84-5, and cases cited; 92 Ark. 378.

*C. H. Henderson* and *T. W. Campbell,* for appellee.

The penalty and attorney's fee were properly allowed.
Authorities relied upon by appellant have no application to
this case.

FRAUENTHAL, J. This was an action seeking recovery on
a fire insurance policy issued by appellant to appellee covering
a dwelling house which it was alleged was totally destroyed by
fire during the life of the policy. The suit was instituted to

recover $400, the amount of the policy. The appellant filed an answer, in which it denied liability for any amount, and resisted recovery because of the alleged violation by appellee of some warranties in the policy. Subsequently, appellant filed an amended answer in which it pleaded as a set-off a note executed by appellee to it for the sum of twenty-seven dollars. The appellee filed a reply, in which it admitted the execution of said note, and asked that appellant be allowed credit therefor upon the amount due to him under the policy. The jury returned a verdict in favor of appellee for $386.85, being the amount of the policy sued on, with interest, less the amount of said note. Upon the motion of appellee, the court granted to him the allowance of a penalty and attorney's fee under the provisions of the act of 1905 (Acts of 1905, p. 308).

No bill of exceptions was filed in this case, and the sole assignment of error urged by counsel for appellant upon this appeal is that the court erred in granting to appellee said penalty and attorney's fee. It has been held by this court that the alleged error in rendering a judgment for penalty and attorney's fee in pursuance of said statute enacted by the Legislature of 1905 may be reviewed; and, if such error is found to exist, it may be corrected, although there is no bill of exceptions in which such alleged error is preserved. The error in such a case appears in the judgment itself, which is sufficient to bring it to the attention of this court for correction upon appeal. *Industrial Mutual Indemnity Co.* v. *Armstrong*, 93 Ark. 84.

It is contended that the court erred in allowing to appellee this penalty and attorney's fee, because upon the trial of this case he did not recover judgment for the amount for which he sued. The contention is based upon the ruling made in the case of *Pacific Mutual Life Ins. Co.* v. *Carter*, 92 Ark. 378. In that case it was held that the insured could not recover the penalty and attorney's fee prescribed by the above statute when the demand made by him against the insurance company was excessive and the insurance company was simply resisting a claim which it did not owe. It was there ruled that a recovery for penalty and attorney's fee could not be had when in his complaint the insured made demand for more than he recovered in such suit. But this ruling was made upon the principle that the insured had made demand of the insurance company for a

larger sum than he was entitled to receive under the policy. An insurance company can not be penalized for making resistance of a demand made under a policy which, upon the trial, is determined to be unjust for the reason that such demand was excessive.   But the mere fact that the insured was indebted to the insurance company under some other and independent contract would not affect or minimize the amount to which the insured would be entitled under the contract of insurance.   It is true that, upon a final adjustment or settlement of various debts between the parties, the insurance company would have the right to set-off against the amount due by it under the policy to the insured an amount which might be due to it by the insured upon an independent contract.   But that fact would not justify the insurance company in resisting payment of the policy on the plea of a total nonliability, and thereby relieve it of the penalty fixed by statute.   There being no bill of exceptions in this case, we must indulge the presumption that the appellant refused to pay the policy, not because any credit to which it might be entitled for the amount of said note was refused it by the appellee, but because it denied any liability whatsoever under the policy of insurance.   In its original answer the appellant pleaded as a complete bar to recovery by appellee certain alleged breaches of the contract of insurance, and did not in that pleading claim any set-off for said note.   Subsequently it filed an amended answer in which it did plead the note as a set-off.   Thereupon, the appellee at once agreed that credit should be allowed to appellant for said note, and thereby, in effect, the appellee asked only for a judgment for the remainder of the amount named in the policy.   The appellant, however, insisted upon the other pleas named in its answer as a defense against any recovery, and went to trial on these issues. It thereby refused to pay the amount then in effect demanded by appellee.   Upon the trial of the case, the appellee did recover judgment for the amount for which it contended when it went to trial, and the amount which it thus recovered was really the amount for which it then sued.   *Queen of Arkansas Ins. Co.* v. *Milham,* 102 Ark. 675.

It follows that the appellee did not, in his pleadings, demand more than he was entitled to receive, or a greater sum than he did recover.   The court did not err, therefore, in

awarding to appellee a judgment for penalty and attorney's fees.

The judgment is affirmed.