LUCAS COUNTY BANK OF TOLEDO, OHIO *v.* AMERICAN CASUALTY COMPANY.

5-40                                          256 S. W. 2d 557

Opinion delivered April 6, 1953.

---

[1] See the book, "Supreme Court Procedure," by Stevenson, Revised Edition 1948, p. 92.

*Wood & Smith,* for appellant.

*Gannaway & Gannaway,* for appellee.

WARD, Justice. Involved here are the rights of a mortgagee to collect on an insurance policy covering an automobile.

*Facts.* One R. F. Wood gave a mortgage on his automobile to appellant bank in August, 1949, to secure a loan which was unpaid in the amount of $538.07 at the time this action was instituted. Wood moved from Ohio to Little Rock in the latter part of 1949, and on May 1st of 1950 he procured, at the request of appellant, a policy from appellee insuring his car against theft [and other liabilities]. The face of the policy contained the following clause: "(f) Loss payee: Any loss under coverages D, E, F, G, H and I is payable as interest may appear to the named insured and Lucas County Bank, Toledo, Ohio." It is conceded that loss by theft is included in the previous clause.

While Wood was in Little Rock he lived with a woman to whom he was not married, and on July 25, 1950, she took the car without Wood's knowledge or consent and disappeared. In response to letters about overdue payments on the loan, Wood wrote to appellant's attorneys in Little Rock on August 14, 1950, and informed them of the disappearance of the car. Although the Little Rock attorneys promptly relayed this information to appellant, it did not notify or make demand on appellee until November 14, 1950. The depositions of appellant and Wood explained the delay in giving notice to appellee on the ground that they did not realize the car had actually been stolen by Wood's mistress. Appellant explained that it had reason to believe Wood was just trying to evade payments on his note and that it had, during the elapsed time, made a faithful effort to locate the car and the woman and had spared no expense or effort in doing so.

On January 22, 1951, appellant filed suit against appellee, alleging its interest and attaching the policy as

an exhibit to the complaint, and prayed judgment for $538.07 with interest from August 1, 1950. Appellee filed a general denial and later, over the objections of appellant, was permitted to file an amended answer in which it was stated the insured and plaintiff had not complied with the provisions of the policy regarding notice and proof of loss, and that the plaintiff had no greater rights under the policy than the insured had. We note here that we find the court did not abuse its discretion in allowing appellee to amend its answer. No prejudice was shown by appellant and the case was not decided until fourteen months after the amended answer was filed.

*Findings by the trial court.* Both parties waived a jury and the trial court made the following findings of facts:

"1. Plaintiff delayed an unreasonable length of time in reporting the loss to defendant, and making claim for said loss after having knowledge thereof.

"2. Plaintiff, as mortgagee, is barred by the failure of Robert F. Wood, the insured and mortgagor, to make a timely claim under the policy."

Accordingly, the trial court dismissed appellant's complaint.

*The Policy.* The pertinent provisions of the policy are set out below:

Under the heading "CONDITIONS" paragraph 11 reads:

"11. *Named Insured's Duties When Loss Occurs*— Coverages D, E, F, G, H, I and J:

"When loss occurs, the named insured shall:

"(a) . . .

"(b) give notice thereof as soon as practicable to the company or any of its authorized agents and also, in the event of theft, larceny, robbery or pilferage, to the police but shall not, except at his own cost, offer or pay any reward for recovery of the automobile;

"(c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property."

Under the same heading paragraph 14 reads:

"14. *Payment for Loss; Action Against Company* —Coverages D, E, F, G, H, I and J:

"Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy."

*Law and Conclusions.* The loss payable clause we are dealing with here is commonly called an "open" clause and differs materially from the "standard" mortgage clause, as is well established by many decisions. The essential element of a standard mortgage clause is that it, in effect, provides that the policy, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor, whereas the open clause contains no such provision. See *Germania Fire Insurance Co.* v. *Bally,* 19 Ariz. 580, 173 Pac. 1052, 1 A. L. R. 488. In *Fulmer* v. *East Arkansas Abstract & Loan Co.,* 173 Ark. 668, 293 S. W. 1018, it was stated that, under an open clause, the rights of the mortgagee were no greater than those of the insured. However, in view of the holding in *Insurance Underwriters' Agency of the Insurance Company of Penn.* v. *Pride,* 173 Ark. 1016, 294 S. W. 19, we do not hold here that appellant had no right to give the notice

provided for in the policy, but it is clear that he had no greater right, and hence no longer time, to give the notice than R. F. Wood had. A decision on this point is unnecessary and immaterial here because, as indicated above, the trial court held that appellant had not given notice to appellee within a reasonable time.

The pivotal question presented, therefore, resolves itself into a question of fact, which was decided by the trial judge sitting as a jury. We deem it unnecessary to set out the evidence in more detail than already given because it is obvious that there is substantial evidence to support the finding of the trial court.

Affirmed.

The Chief Justice not participating.