## NEWCOURT FINANCIAL, INC. *v.*
## CANAL INSURANCE COMPANY

99-1249 15 S.W.3d 328

Supreme Court of Arkansas
Opinion delivered April 27, 2000

*Floyd "Pete" Rogers,* Judge;

*Barrett & Deacon,* by: *D.P. Marshall Jr.* and *James D. Bradbury,* for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP,* by: *Rebecca D. Hattabaugh,* for appellee.

LAVENSKI R. SMITH, Justice. Appellant Canal Insurance Company ("Canal") petitioned for review from a court of appeals decision[1] remanding the case to the Crawford County Circuit Court for a determination of attorney's fees to be awarded to Appellee Newcourt Financial, Inc. ("Newcourt"), under Ark. Code Ann. § 23-79-208. We granted the petition pursuant to Arkansas Supreme Court Rule 1-2(e). However, upon review, we

---

[1] *Newcourt Fin., Inc. v. Canal Ins. Co.,* 67 Ark. App. 347, 1 S.W.3d 452 (1999).

agree that the case should be remanded for determination of fees, penalty, and interest.

*Facts*

In early 1996, Mike Fisher bought a commercial truck and financed it through Newcourt. He insured it with Canal in a policy issued January 3, 1996. Attached to the policy was a "Loss Payable Clause" which indicated that any loss or damage would be payable to Newcourt in accordance with its lien interest. It further provided that Newcourt's right to payment "shall not be invalidated by an act or neglect of [Fisher]...." On November 30, 1996, Fisher, while traveling on Interstate 40 near Webbers Falls, Oklahoma, lost control of his truck, ran off the road, and overturned. Shortly after overturning, the truck caught fire and burned. The truck was a total loss. Fisher properly reported the loss to Canal and requested payment under the insurance policy. Canal investigated the claim and ultimately denied payment. Canal believed that Fisher intentionally caused the fire. It denied the claim contending that loss due to arson is specifically excluded from coverage under the policy.

To have its rights and obligations under the policy determined, Canal filed a declaratory-judgment action in the Crawford County Circuit Court on March 20, 1997. Canal sought a decision by that court that Fisher purposely caused the truck fire and that Canal, therefore, had no duty to pay under the policy due to arson. It also alleged that if Fisher's acts caused the loss, Newcourt should be denied coverage under the loss-payee clause as well. Canal named both Fisher and Newcourt in the complaint and served them separately. Canal specifically alleged that "Mike Fisher and Newcourt each have or claim an interest which would be affected by a declaration regarding coverage under the Canal policy, and therefore they are necessary parties to this lawsuit." In substance, Canal requested only for a determination from the court whether Fisher caused the loss by intentional conduct.

Newcourt answered and counterclaimed on April 15, 1997. Fisher answered on April 24, 1997. In its counterclaim, Newcourt requested two things. First, Newcourt requested payment of all attorney's fees, twelve percent penalty, interest and costs under several statutory provisions, including Ark. Code Ann. § 23-79-

208. Second, Newcourt requested that it have judgment against Canal for the full amount of its interest in the policy proceeds for the loss that occurred. Newcourt asserted that even if Fisher committed arson, it would still be entitled to payment under the terms of loss-payee clause. Canal filed an amended complaint and an answer to Newcourt's counterclaim on April 25, 1997.

The circuit court tried the matter to a jury on August 17, 1998. The jury returned a verdict in Fisher's favor finding no arson. However, the parties disagreed about the effect of the declaratory judgment. Both Newcourt and Fisher filed posttrial requests for attorney's fees. Canal responded on August 31, 1998, arguing that because it brought a declaratory-judgment action, attorney's fees were only allowed under Ark. Code Ann. § 23-79-209, and that fees could only be paid to Fisher's attorney. Canal also argued that fees were not allowed to Newcourt under Ark. Code Ann. § 23-79-208.

The trial court entered its judgment on August 31, 1998, wherein it declared that "insurance coverage existed for the loss of the 1996 Marmon truck owned by Defendant, Mike Fisher and financed by Defendant, Newcourt Financial, Inc." Furthermore, the court ordered Canal to pay the insurance policy proceeds to Fisher and Newcourt, as their interests appear. Finally, the court awarded $3,300.00 in attorney's fees to Fisher as "holder" of the policy. However, the court denied attorney's fees to Newcourt as loss-payee, citing Ark. Code Ann. § 23-79-209. On September 14, 1992, Newcourt filed a motion to amend judgment and requested a hearing before the court to present its issues, which the trial court denied. Newcourt timely filed its notice of appeal on October 2, 1998, and an amended notice on November 13, 1998.

On appeal to the Arkansas Court of Appeals, Newcourt argued that the trial court erred in failing to award the statutory penalty of twelve percent prejudgment interest, and reasonable attorney's fees under Ark. Code Ann. § 23-79-208. In response, Canal contended that Newcourt was not entitled to any remedies because this was a declaratory-judgment action governed by Ark. Code Ann. § 23-79-209, not Ark. Code Ann. § 23-79-208. Canal contended that Ark. Code Ann. § 23-79-209 does not provide for fees for a party in Newcourt's position. The court of appeals, in its October 6, 1999 opinion, determined that Newcourt satisfied the

requirements of Ark. Code Ann. § 23-79-208 and was entitled to the policy proceeds plus the penalty and fees required under Ark. Code Ann. § 23-79-208. The court of appeals remanded the matter to the trial court to determine the correct amount of fees and costs due Newcourt.

*Standard of Review*

 On a petition for review, we consider the case as if it were originally filed with this court. *Raynor v. Kyser*, 338 Ark. 366, 993 S.W.2d 913 (1999); *ERC Contr. Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998). Because the trial judge rather than the jury decided the issue of attorney's fees, the standard of review on appeal is whether the trial judge's findings were clearly erroneous. Ark. R. Civ. P. Rule 52(a); *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998); *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). We view the evidence in a light most favorable to the appellee, resolving all inferences in favor of the appellee. *Id.* On review of an issue of statutory interpretation, we are not bound by the decision of the circuit court. However, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998); *Hazen v. City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977).

*Attorney's fees*

At issue in this case is the interpretation of two insurance statutes that address payment of attorney's fees. When read together these provisions resolve the instant case. Ark. Code Ann. § 23-79-208, entitled "Damages and attorney's fees on loss claims," states in pertinent part: ·

> (a)(1) In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall fail to pay the losses within the time specified in the policy after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or

his assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Its statutory neighbor, Ark. Code Ann. § 23-79-209, entitled "Allowance of attorney fees in suits to terminate, modify, or reinstate policy," states in pertinent part:

> (a) In all suits in which the judgment or decree of a court is against a life, fire, health, accident, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorneys' fees for the defense or prosecution of the suit, as the case may be.

These two provisions address attorney's fees in different types of lawsuits, both of which happen to be present in this case. It must be borne in mind that this case involves both a claim for declaratory judgment by Canal and a counterclaim for payment of the insurance claim and attorney's fees by Newcourt. The declaratory-judgment action implicates section 23-79-209, whereas the counterclaim issues are governed by section 23-79-208.

## I. Arkansas Code Annotated § 23-79-209

█ █ From its plain language section 23-79-209 applies to actions where judgment is ultimately rendered against certain insurance companies in suits initiated by the companies. It specifically includes a declaratory-judgment action. It also applies to suits filed by holders of policies seeking to reinstate a canceled policy. In this case, Canal filed a declaratory-judgment action to determine whether coverage existed under the facts. Specifically, Canal prayed for the following relief:

> FIRST: That the damages to the 1989 Marmon truck insured by the Canal policy were intentionally caused by the actions of the Defendant, Mike Fisher and that, therefore, coverage does not exist

under the Canal Insurance Company policy with respect to any claim asserted by Mike Fisher or Newcourt arising out of the loss resulting from the November 30, 1996 incident.

SECOND: That, in the alternative, that the damages to the 1989 Marmon truck insured by the Canal policy were intentionally caused by the actions of the Defendant, Mike Fisher, and that, therefore, the Plaintiff, Canal, is entitled to judgment against Mike Fisher in the amount of any monies that Canal is held to be liable to Newcourt arising out of Mike Fisher's intentional acts.

THIRD: That Canal Insurance Company is entitled to recover its costs herein and have all other just and proper relief.

Clearly, Canal asked the court to "declare" whether coverage existed under the policy. A declaratory-judgment action seeks to avoid uncertainty and insecurity with respect to rights, status, and other legal relations. *See* Ark. Code Ann. §§ 16-111-101 et seq.[2] Canal's complaint for declaratory judgment asked the court to determine a right or immunity on its behalf. It sought no other relief. Here, the jury declared that the facts did not support an allegation of arson and that coverage existed under the insurance policy. Accordingly, the fees awarded to Fisher under section 23-79-209 were proper as he is the "holder" of the policy and the prevailing party in the declaratory-judgment action. Canal questioned Fisher's coverage, and his defense defeated the declaratory-judgment action, entitling him to fees for his defense in that action. The trial court's award of attorney's fees to Fisher is therefore affirmed.

## II. Arkansas Code Annotated § 23-79-208

Section 23-79-208, as contrasted with section 23-79-209, applies "in all cases where loss occurs and the ... insurance company ... therefore shall fail to pay the losses within the time specified in

---

[2] The purpose is further detailed in the Commentary to this Act which states:
The Declaratory Judgment may be either affirmative or negative in form and effect; it may determine some right, privilege, power or immunity in the plaintiff, or some duty, no-right, liability or disability in the defendant. The judgment is not based on any wrong already done or any breach committed. *It is not required to be executed, as it orders nothing to be done.* It simply declares rights and duties so that parties may guide themselves in the proper legal road, and, in fact, and in truth, avoid litigation. (Emphasis addded.)

the policy after demand [is] made...." Ark. Code Ann. § 23-79-208(a)(1). In this case, because the declaratory-judgment action "orders nothing to be done," it was only Newcourt's counterclaim which would enable the circuit court to order any affirmative relief to Newcourt or Fisher. By ordering that Canal pay benefits to Newcourt, the circuit court effectively granted Newcourt's counterclaim under section 23-79-208. This section allows fees, penalties, and interest to the "holder of the policy or his assigns."

In its decision, the circuit court denied attorney's fees and costs to Newcourt, finding that section 23-79-209 does not authorize attorney's fees to a loss-payee. If based solely upon the language of section 23-79-209, that would appear to be the correct finding since section 23-79-209 only allows fees for the "holder"of the policy. However, because the court ordered payment under the policy, it necessarily did so pursuant to the counterclaim for payment for a "loss" under section 23-79-208 since the declaratory-judgment action would not provide such relief. By contrast, attorney's fees, costs, and the 12% penalty are due the "holder" or his "assigns" in a section 23-79-208 action.

In their briefs, the parties summarize cases involving an award of fees under sections 23-79-208 and 23-79-209 and their predecessors, and the relation between these two sections. However, none of the cases cited by either party directly addresses the issue of the award of attorney's fees to the loss-payee under section 23-79-208. Canal asserts that *Mid-South Ins. Co. v. Dellinger*, 239 Ark. 169, 388 S.W.2d 6 (1965) (decision under prior statute), "stands for the proposition that the denial of attorney's fee, penalty and interest in a declaratory judgment action" in cases such as this is appropriate. Contrary to Canal's assertion, this court actually determined that when an insured is required to defend an action by an insurer and files a counterclaim for attorney's fees and the penalty under section 23-79-208, such fees *may* be available. However, the *Dellinger* court determined that "justice is fully served by denying an attorney fee *in this particular case*." *Dellinger*, 239 Ark. at 172. (Emphasis added.) Therefore, despite Canal's contention, *Dellinger* actually supports an award for fees in a counterclaim under section 23-79-208 for defending a section 23-79-209 declaratory-judgment action when a loss is actually recovered. However, *Dellinger* did not involve a loss-payee.

As Canal notes, we held in *Home Ins. Co. v. Crawford*, 251 Ark. 843, 475 S.W.2d 889 (1972), that a section 23-79-208 claim for penalties and fees is permissible as a counterclaim against an insurer's section 23-79-209 action. This is entirely consistent with the implication in *Dellinger*. The *Crawford* court stated:

> No error was committed in the allowance of the 12% penalty pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1966) [Ark. Code Ann. § 23-79-208] on the counterclaim filed by appellee. That statute provides for the payment of the penalty where a loss has occurred and the insurer fails to pay after demand has been made therefor. We can find nothing in Ark. Stat. Ann. § 66-3239 (Repl. 1966) [Ark. Code Ann. § 23-79-209] that prevents the allowance of the penalty upon a counterclaim for a loss.

*Crawford*, 251 Ark. at 845. Crawford was the insured under the policy and, as in *Dellinger*, no loss-payee participated as a party.

Canal strongly argues that this court has already held that a loss-payee is not entitled to the section 23-79-208 remedies. *See Farmers Mutual Ins. Co. v. Lane*, 278 Ark. 53, 643 S.W.2d 53 (1982). We disagree. In *Lane*, the trial court ordered Farmers to pay the penalty and fees under section 23-79-208 for failure to make timely payment to the insureds, the Lanes. The Lanes' insurance contract had a designated loss-payee, a Mrs. Smith, who ultimately received the insurance payments. The insurance company argued that the Lanes were not entitled to fees under the statute because the insurance policy had lapsed before the loss occurred. The Lanes' policy had, in fact, lapsed before the loss occurred, but the loss-payee still had an enforceable right to payment from the insurance company for ten days after the policy expired. The loss occurred within the ten-day period. The court, in effect, held that because the Lanes had to bring the action to recover the insurance payment on behalf of the loss-payee who still had rights under the policy, the Lanes were entitled to the fee and penalty under section 23-79-208. *Lane* is clearly distinguishable from the instant case. The loss-payee in *Lane* was not a party to the action and made no claim for attorney's fees. The insured filed the claim and pursued it to judgment. Given those facts, it was entirely reasonable for the court to award the penalties and fees to Lane while ordering that the insurance proceeds go to the loss-payee.

■■ As the court of appeals noted, this court has held that a loss-payee is an "insured" in the sense that it can sue to enforce a policy under which it would ultimately be paid. *See Huddleston v. Home Life Ins. Co. of New York*, 182 Ark. 1036, 34 S.W.2d 221 (1931). See also *Lucas County Bank of Toledo v. Am. Cas. Co.*, 221 Ark. 916, 256 S.W.2d 557 (1953) (Lucas discusses the difference between open and standard loss-payee clause language. Specifically the court emphasized that standard clauses, such as in the instant case, could not be invalidated by "any act of the owner"). We further stated in *Federal Life & Cas. Co. v. Weyer*, 239 Ark. 663, 391 S.W.2d 22 (1965) that "[I]t is well settled that attorney's fees and penalty attach if the insured is required to file suit...." In *Equitable Life Assurance Soc. v. Rummell*, 257 Ark. 90, 514 S.W.2d 224 (1974), we stated:

> The fee is allowed only to reimburse an insurance policyholder or *beneficiary* for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests. (Citations omitted.) It is not the property of the attorney, but is indemnity to the litigant. (Citations omitted.) The purpose of the statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation. (Emphasis added.)

*Rummell*, 257 Ark. at 91. Given the rationale for the statute, it would seem reasonable that if the loss-payee, as a beneficiary of the policy, brought the lawsuit to enforce payment which would ultimately be paid to it, the loss-payee's attorneys should be allowed the fee.

Section 23-79-208 does not limit recovery of penalties and fees to just the holder of the insurance contract. It also permits recovery by the "assigns" of the holder. In the instant case, the express language of the loss-payee clause in Canal's policy assigned Fisher's payment rights under the insurance policy to Newcourt commensurate with Newcourt's security interest. Newcourt thus became an assign of Fisher for purposes of section 23-79-208.

■ In conclusion, we hold that Newcourt, based upon its express contract rights to payment of insurance proceeds commensurate with its interest in the insured's property, was entitled to seek

enforcement of those contract rights under section 23-79-208. Newcourt's entitlement to payment did not depend upon whether or not Fisher committed arson. The loss-payee clause stated that fact plainly. Additionally, as an assign of Fisher, Newcourt was also entitled to the attorney's fees and penalties available under section 23-79-208, including prejudgment interest. The trial court correctly granted Fisher attorney's fees for his defense of Canal's section 23-79-209 claim. It also correctly awarded insurance proceeds to Newcourt as loss-payee. It should have also granted Newcourt penalties, interest and fees for its prosecution of a separate successful claim under section 23-79-208. Therefore, we reverse and remand to the trial court for entry of an order consistent with this opinion.

Affirmed in part; reversed in part, and remanded.