2011 Ark. App. 388

SOUTHERN FARM BUREAU CASU-
ALTY INSURANCE COMPANY and
Farm Bureau Mutual Insurance Com-
pany of Arkansas, Inc., Appellants

v.

Cleo WATKINS, Jr., and Brenda
Watkins, Appellees.

No. CA 10–1031.

Court of Appeals of Arkansas.

May 25, 2011.

Rehearing Denied June 22, 2011.

David M. Donovan, Richard N. Watts and Staci Dumas Carson, Little Rock, for appellants.

John Vance Phelps, Jonesboro, for appellees.

RAYMOND R. ABRAMSON, Judge.

This case has previously been before us, in *Watkins v. Southern Farm Bureau Casualty Insurance Co.*, 2009 Ark. App. 693, 370 S.W.3d 848, wherein we set forth the procedural history in greater detail. Appellants, Southern Farm Bureau Casualty Insurance Company and Farm Bureau Mutual Insurance Company of Arkansas, Inc. (Farm Bureau), insured appellees, Cleo Watkins, Jr., and Brenda Watkins, in a homeowner's policy and a general liability policy, each of which had liability limits of $100,000. Scotty Turner sued Mr. Watkins in tort and recovered a judgment against him, which they settled for $1,000,000. Farm Bureau rejected Mr. Watkins's request for reimbursement of the Turner settlement and his defense costs and filed this action for a declaratory judgment establishing that it had no duty to defend or indemnify Mr. Watkins. Appellees filed a counterclaim for attorney's fees incurred in defending the Turner lawsuit, both policies' liability limits, and tort damages. They also asked for penalties, interest, and attorney's fees pursuant to Arkansas Code Annotated sections 23–79–208 and 23–79–209. The trial court granted summary judgment to Farm Bureau. On October 21, 2009, we affirmed as to the tort and indemnification counts but reversed as to the duty to defend, directing the trial court to award an appropriate attorney's fee for Mr. Watkins's defense of the Turner lawsuit.

On February 2, 2010, appellees moved for summary judgment, requesting $25,641.75, plus prejudgment interest and twelve-percent penalty, for attorney's fees paid in the Turner suit; $24,184.12, for unpaid attorney's fees incurred in that suit, plus prejudgment interest and twelve-percent penalty; and $80,176.50 in attorney's fees incurred in this action. Appellees relied on Arkansas Code Annotated sections 23–79–208, 23–79–209, and 16–22–308 as authority for the awards.

Farm Bureau acknowledged its obligation for the attorney's fees incurred in the Turner case but asserted that it did not owe a penalty, prejudgment interest, or attorney's fees incurred in this action. At a hearing, the trial court ruled that section 23–79–209 applied. It entered an order noting that Farm Bureau had paid appellees $25,641.75 (the amount they had paid Mr. Watkins's attorney); awarding appellees prejudgment interest of $4,185.20 on that amount; awarding appellees judgment for the $24,184.12 still owed to Mr. Watkins's attorney but denying their request for prejudgment interest on that amount; ruling that section 23–79–208 did not apply; denying their request for a twelve-percent penalty; and awarding appellees $80,176.50 for their attorney's fees incurred in this action. Farm Bureau filed a notice of appeal, and appellees filed a notice of cross-appeal.

Ordinarily, summary judgment may be granted by a trial court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Bisbee v. Decatur State Bank*, 2010 Ark. App. 459, 376 S.W.3d 505. Where, as here, however, the circuit court's decision was based upon its interpretation of a statute, which is a question of law, our review is de novo. *Evans v. Hamby*, 2011 Ark. 69, 378 S.W.3d 723; *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Id.* When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* When a statute is ambiguous, however, we must interpret it according to the legislative intent, and its review becomes an examination of the whole act. *Johnson, supra.* We must reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.*

The statutes central to this appeal are Arkansas Code Annotated sections 23–79–208 and 23–79–209 (Repl.2004 and Supp. 2009). Section 23–79–208 provides in relevant part:

**Damages and attorney's fees on loss claims**

(a)(1) In all cases in which loss occurs and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefore shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

. . . .

(d)(1) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

Subsection (d)(2) (a 2007 amendment) sets a thirty-percent standard in all cases involving a homeowner's policy.

Section 23–79–209 provides:

**Allowance of attorney's fees in suits to terminate, modify, or reinstate policy**

(a) In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his or her rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.

(b) The fees shall be based on the face amount of the policy involved.

(c) The attorney's fees shall be taxed by the court where the suit is heard on original action, by appeal or otherwise, and shall be taxed up as a part of the costs therein and collected as other costs are or may be by law collected.

Farm Bureau argues that section 23–79–209 does not authorize an award of attorney's fees to an insured who, in a

declaratory-judgment action brought by an insurer, counterclaims for money damages and only partially prevails on that counterclaim. It contends that section 23–79–209 must be read in conjunction with section 23–79–208, and that together, they required the trial court to entirely deny appellees' request for fees. According to Farm Bureau, section 23–79–209 is a general statute, the construction of which must yield to the more specific statute, section 23–79–208. Farm Bureau argues that section 23–79–208 applies when an insured obtains a monetary recovery against an insurance company while section 23–79–209 only applies when the insured recovers other kinds of relief. None of the cases cited by Farm Bureau, however, support its argument.

In *Newcourt Financial, Inc. v. Canal Insurance Co.*, 341 Ark. 181, 15 S.W.3d 328 (2000), the insurer filed a declaratory-judgment action against the insured and the loss-payee to determine whether coverage existed, and the loss-payee filed a counterclaim. In addressing the attorney's-fee question, the supreme court explained the different purposes served by the two statutes:

> These two provisions address attorney's fees in different types of lawsuits, both of which happen to be present in this case. It must be borne in mind that this case involves both a claim for declaratory judgment by Canal [the insurer] and a counterclaim for payment of the insurance claim and attorney's fees by Newcourt [the loss payee]. The declaratory-judgment action implicates section 23–79–209, whereas the counterclaim issues are governed by section 23–79–208.

341 Ark. at 186, 15 S.W.3d at 331.

Our recent decision in *Farm Bureau Casualty Insurance Co. v. Krouse*, 2010 Ark. App. 493, at 2–3, 375 S.W.3d 763, 765–66, also supports the trial court's decision:

> Farm Bureau appeals the fee award to our court. That argument is divided into two basic assertions: (1) that it was error as a matter of law because Ark. Code Ann. § 23–79–209 did not apply; and (2) that this award demonstrated an abuse of discretion. First, we decide whether an attorney fee is permissible on these facts under section 23–79–209. Farm Bureau contends that the correct statute, if any, would be section 23–79–208 because that statute applies to casualty insurance like this, where an insured files suit to force an insurer to pay benefits. Krouse responds in line with the trial judge's opinion that section 23–79–209, by its plain wording, applies to any declaratory action even if raised in a counterclaim by Farm Bureau.

> . . . .

> Here, we have a suit containing two causes of action: one for payment of an insurance claim, governed by Ark.Code Ann. § 23–79–208, and one for a declaratory judgment, governed by Ark.Code Ann. § 23–79–209. *See Newcourt Fin., Inc. v. Canal Ins. Co.*, 341 Ark. 181, 15 S.W.3d 328 (2000). The application of one does not necessarily preclude application of the other, if both causes of action are at issue.

> Declaratory judgment is typically used to determine the obligations of the insurer under a policy of insurance. *See Martin v. Equitable Life Assurance Society*, 344 Ark. 177, 40 S.W.3d 733 (2001). All interested parties must be named in a declaratory-judgment case. Ark.Code Ann. § 16–111–106 (Repl. 2006). Farm Bureau asked the trial court to "declare" that no UIM coverage existed under Krouse's automobile insurance policy for notice failures on her part; it sought to determine a right or

immunity on its behalf. Krouse prevailed against Farm Bureau's counterclaim for declaratory judgment attempting to void its obligations to pay UIM. This triggers section 23–79–209 by its plain language. *See Newcourt Fin., Inc. v. Canal Ins. Co., supra.* (award proper under this section in an automobile liability insurance case).

When Krouse prevailed on her claim seeking payments under the UIM provision of her automobile liability policy, this implicated section 23–79–208. The application of one statute does not preclude the application of the other in the same lawsuit if there is a claim for payment by an insured *and* a claim for declaratory judgment by the insurer. *See Newcourt Fin., Inc. v. Canal Ins. Co., supra.*

■ It is, therefore, apparent that section 23–79–208 is not more specific than section 23–79–209 and that the circuit court was correct in construing them as providing alternative, complementary provisions for the award of attorney's fees in different situations. In our earlier decision, appellees received both declaratory and monetary relief; we held that Farm Bureau owed them a duty to defend and, therefore, reimbursement for Mr. Watkins's defense costs. This was sufficient to require an award of fees under section 23–79–209. Accordingly, we affirm on direct appeal.

■ Appellees contend on cross-appeal that the trial court should have awarded a twelve-percent penalty under section 23–79–208 on their recovery of one hundred percent of the Turner defense costs. We agree. A trial court's decision on whether to award attorney's fees, a twelve-percent penalty, and interest due to an insurer's failure to timely pay benefits will not be reversed on appeal unless the trial court's decision is clearly erroneous. *Nationwide*

*Mut. Ins. Co. v. Cumbie,* 92 Ark.App. 448, 215 S.W.3d 694 (2005). This is such a case.

■ An insurance company's duties to defend and to indemnify are distinct, independent obligations:

An insurer's duty to defend a lawsuit against its insured is both separate and distinct from the insurer's duty to indemnify its insured for liability that is imposed against the insured after trial. In liability insurance policies generally, an insurer assumes both the duty to indemnify the insured, that is, to pay all covered claims and judgments against insured, and the duty to defend any lawsuit brought against insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent.

. . . .

The distinction between the duty to defend and the duty to indemnify is based upon the time when the duties are determined. The duty to defend arises prior to the completion of litigation, and therefore insurers are required to meet their defense obligation before the scope of the insured's liability has been determined. In contrast, the duty to indemnify arises only once liability has been conclusively determined. In other words, because the duty to defend arises whenever an insurer ascertains facts that give rise to the possibility or the potential of liability to indemnify, the duty to defend must be assessed at the very outset of a case, unlike the duty to indemnify, which arises only when the insured's underlying liability is established.

14 COUCH ON INSURANCE § 200.3 (3d ed.2011); *see also Spears v. State Farm Fire & Cas. Ins.,* 291 Ark. 465, 725 S.W.2d 835 (1987).

■ We discussed these duties in our earlier opinion in this action:

Our supreme court has been clear that an insurance company's duty to defend is broader than its duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 347 Ark. 167, 61 S.W.3d 807 (2001). The duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage. *Id.* The general rule is that the allegations of the complaint determine the insurer's duty to defend. *Id.* However, the supreme court has observed that there are occasions where an insurance company's duty to defend cannot be determined solely from the allegations of the complaint. *Commercial Union Ins. Co. of Am. v. Henshall*, 262 Ark. 117, 553 S.W.2d 274 (1977). Situations involving claims of self defense in response to allegations of assault and battery fall within this category of cases, because plaintiffs cannot be expected to allege in the complaint that they were assaulted by the insured while the insured was protecting life or property. *Smith v. St. Paul Guardian Ins. Co.*, 622 F.Supp. 867 (W.D.Ark.1985).

*Watkins v. Southern Farm Bureau Cas. Ins. Co.*, 2009 Ark. App. 693, at 3, 370 S.W.3d 848, 851 [1]. Although appellees did not recover the indemnification and tort damages they sought in their complaint, they recovered one hundred percent of the attorney's fees they sought for Farm Bureau's breach of the independent duty to defend in their February 2, 2010 motion for summary judgment. This request for judgment was a "new and lesser demand" sufficient to invoke section 23–79–208. *See State Farm Auto. Ins. Co. v. Stamps*, 2009

Ark. 621, at 3, 363 S.W.3d 1, 3. We therefore reverse on this point.

In their next point on cross-appeal, appellees argue that the trial court erred in refusing to award them prejudgment interest on the unpaid defense attorney's fees ($24,184.12) because Mr. Watkins had incurred a loss in a readily ascertainable amount, as of a certain date. We agree. The test for an award of prejudgment interest is whether a method exists for fixing an exact value on the cause of action at the time of the occurrence of the event that gives rise to the cause of action; if such a method exists, prejudgment interest should be allowed, because one who has the use of another's money should be justly required to pay interest from the time it lawfully should have been paid. *Cumbie, supra; Home Mut. Fire Ins. Co. v. Jones*, 63 Ark.App. 221, 231, 977 S.W.2d 12, 17 (1998). Even though Mr. Watkins had not yet paid his attorney this amount, he had become indebted to him in a sum certain as of a specific date. In defining the word "loss," the insurance policies did not distinguish between paid and unpaid liabilities incurred by an insured. Mr. Watkins's incurring of the debt to the attorney was a loss sufficient to require the award of prejudgment interest. Accordingly, we also reverse on this issue.

Affirmed on direct appeal; reversed on cross-appeal.

HART and GLADWIN, JJ., agree.

---

1. The duty to defend arises even when the allegations against the insured are "groundless, false, or fraudulent." *Madden v. Continental Cas. Co.*, 53 Ark.App. 250, 254, 922 S.W.2d 731, 734 (1996). The test is whether the "mere possibility of coverage" exists. *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 347 Ark. 167, 178, 61 S.W.3d 807, 814 (2001). In such cases, it is necessary to make a distinction between the obligation to pay benefits and the obligation to defend. *See Equity Mut. Ins. Co. v. Southern Ice Co.*, 232 Ark. 41, 334 S.W.2d 688 (1960).